IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEITH DESMOND TAYLOR, | ) | No. C 09-3008 MMC (PR) |
| Plaintiff, | ) | **ORDER OF DISMISSAL** |
| v. | ) | |
| UNKNOWN AGENTS, | ) | |
| Defendants. | ) | |
| _____ | ) | |

On July 6, 2009, plaintiff, a California prisoner incarcerated at San Quentin State Prison ("SQSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Plaintiff's Claims

In his complaint, plaintiff alleges that "Unknown Agents" at SQSP conspired to violate the Constitution by putting plaintiff "in the hole" numerous times without reason, taking plaintiff's personal property, mail and writings, and following plaintiff around and moving him to numerous locations so that he "had to start over again." (Compl. at 5.) Plaintiff seeks five billion dollars in damages.

C.   Exhaustion of Administrative Remedies

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion under § 1997(e)(a) is mandatory and not left to the discretion of the district court. Woodford v. Ngo, 548 U.S. 81, 84 (2006). An action must be dismissed unless the prisoner exhausted his available administrative remedies before he filed suit, even if he fully exhausts while the suit is pending. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

Because exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the complaint and/or any attached exhibits. See Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003). The court may dismiss a complaint for failure to exhaust where the prisoner "conce[des] to nonexhaustion" and "no exception to exhaustion applies." Id. at 1120.

The State of California provides its prisoners and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15 ("CCR"),

§ 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal review, (2) first formal level appeal on a CDC 602 inmate appeal form, (3) second formal level appeal to the institution head or designee, and (4) third formal level appeal to the Director of the California Department of Corrections and Rehabilitation. See CCR § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision from the Director's level of review satisfies the exhaustion requirement under § 1997e(a). Id. at 1237-38.

In the form complaint used by plaintiff to file the instant action, there is a section requiring the plaintiff to provide information with respect to the exhaustion of administrative remedies. In the complaint filed herein, plaintiff, in response to the question "Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?" has checked the box that says "No." (Compl. at 2(B)(1).) Plaintiff also has not answered any of the questions in the form complaint pertaining to exhaustion. Additionally, in a letter to the court attached to the complaint, plaintiff writes that exhaustion is not required where a plaintiff is asserting the loss of a liberty interest, which is what plaintiff asserts he is doing in the instant complaint.

From the information provided by plaintiff in the complaint and documents attached thereto, the Court finds it is obvious from the face of the complaint and attached exhibits that plaintiff did not exhaust his administrative remedies prior to filing the instant action and that no exception to the exhaustion requirement applies to plaintiff's claims. Specifically, contrary to plaintiff's assertion that there is no grievance procedure at SQSP, as noted above each prison in California provides inmates with an administrative appeals process that includes four distinct levels of review. Further, contrary to plaintiff's assertion that exhaustion is not required when the claim at issue involves the alleged deprivation of a liberty interest, the United States Supreme Court has expressly held that exhaustion is a prerequisite to all prisoner lawsuits concerning prison life, whether such actions involve general conditions or particular episodes, whether they allege excessive force or some other wrong, and even if they seek relief not available in grievance proceedings, such as money

damages. Porter v. Nussle, 534 U.S. 516, 524 (2002).

Section 42 U.S.C. § 1997e(a) requires a prisoner-plaintiff to present his claims to each available level of administrative review before raising those claims in a § 1983 complaint in federal court. As it is clear from the complaint that plaintiff has not pursued any of the levels of administrative review available to him, and there is no applicable exception to the exhaustion requirement, dismissal of the complaint without prejudice is appropriate.

Accordingly, the above-titled action is hereby DISMISSED, without prejudice to plaintiff's refiling his claims in a new action after all available administrative remedies have been exhausted.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 12, 2009

_____
MAXINE M. CHESNEY
United States District Judge